**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CIVIL ACTION NO.** 3-15-CV-73-DJH
*Electronically Filed*

**WESTERN WORLD INSURANCE COMPANY**                                    **PLAINTIFF**

**v.**

**NEW HOPE FOSTER HOMES, INC., and**
**RASHEENO GRIFFITH**                                                           **DEFENDANTS**

_____

### COMPLAINT FOR DECLARATORY JUDGMENT
_____

Plaintiff Western World Insurance Company, by and through counsel, pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, submits this Complaint for Declaratory Judgment against Defendants New Hope Foster Homes, Inc., and Rasheeno Griffith.

### The Parties

1.      Plaintiff Western World Insurance Company ("Western World") is incorporated under the laws of the State of New Hampshire and maintains its principal place of business in the State of New Jersey.

2.      Defendant New Hope Foster Homes, Inc. ("New Hope"), is a Kentucky corporation that maintains its principal place of business in the Commonwealth of Kentucky. Service of process may be obtained on New Hope through its registered agent, WT&C Corporate Services, Inc., 500 West Jefferson Street, Suite 2800, Louisville, Kentucky 40202.

3.      Defendant Rasheeno Griffith is a citizen and resident of the Commonwealth of Kentucky. Service of process may be obtained on Griffith by delivering a copy of the Complaint for Declaratory Judgment and Civil Summons to her at her home address, 5209 Oldshire Road, Louisville, Kentucky 40299.

1

**Jurisdiction and Venue**

4.      This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.[1]

5.      Western World has standing to bring this Complaint as an insurer of New Hope and Griffith. (*See* Policy No. NPP1261651 (**Ex. 1**))

6.      This Court has jurisdiction over all Defendants because this lawsuit involves questions concerning an obligation of Western World to defend and indemnify New Hope and Griffith in a lawsuit brought by Krystal Hess, which was filed in the Commonwealth of Kentucky Jefferson Circuit Court on October 28, 2014, and assigned case number 14-CI-005574 (the "Underlying Action").

7.      Venue is appropriate in this district pursuant to 28 U.S.C. § 1391 because the events giving rise to the claim that is the subject matter of this action occurred in this judicial district and because the Policy at issue was issued within this judicial district. *See* L.R. 3.1(b)(1).

**Factual Background of the Underlying Action**

8.      New Hope provides foster care placement services. Griffith was and is employed by New Hope as a youth counselor to provide services for the children placed in foster care through New Hope.

---

[1] The amount in controversy in this case includes both the costs of defense and costs of potential indemnity in the Underlying Action. *See Maryland Casualty Co. v. United Corp.*, 111 F.2d 443, 447 (1st Cir. 1940); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 539 (7th Cir. 2006); *Centennial Ins. Co. v. Patterson*, 495 F.Supp.2d 157, 158 (D. Maine 2007). In the Underlying Action, the plaintiff has asserted 16 total claims, nine of which are against Defendants, and all arising from alleged sexual abuse. The plaintiff also seeks both punitive damages. *See Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (stating that punitive damages are to be considered when determining amount in controversy). Given the number of claims, the reasonably likely high cost of defense, and the potential indemnity, Western World has satisfied by a preponderance that the requisite amount in controversy has been met. *See Hayes*, 266 F.3d at 572 (explaining that the amount-in-controversy requirement need not established to a "legal certainty").

9.      At some point in or before July 2010, the plaintiff, Krystal Hess, was placed into the custody of the Commonwealth of Kentucky Cabinet for Health and Family Services.

10.     In July 2010, the Cabinet placed Hess in foster care through New Hope, which, in turn, placed Hess with Jimmie Sturgill.

11.     Hess alleges that, while she was in Sturgill's foster care between July 29, 2010, and July 11, 2011, Sturgill committed one or more acts of assault, battery, and sexual abuse. Hess also alleges that, during this time, she informed Griffith of the alleged assault, battery, and sexual abuse.

12.     In June 2013, Sturgill was convicted on 13 counts of prohibited use of electronic communication systems to procure a minor [Hess] in sexual performance. On February 27, 2014, Sturgill pleaded guilty to 2 counts of sexual abuse of Hess. Sturgill was sentenced to five years in prison.

13.     On October 28, 2014, Hess filed a civil lawsuit in the Commonwealth of Kentucky Jefferson Circuit Court against Sturgill, the Cabinet, New Hope, and Griffith. (**Ex. 2**) Hess seeks compensatory and punitive damages for assault (against Sturgill), battery (against Sturgill), negligence (against New Hope, Griffith, and the Cabinet), gross negligence (against New Hope, Griffith, and the Cabinet), intentional infliction of emotional distress (against Sturgill, New Hope, Griffith, and the Cabinet), and negligent hiring, retention, and supervision (against New Hope and the Cabinet).

14.     On December 11, 2014, Western World issued to New Hope and Griffith a reservation of rights letter, reserving its rights under the Policy to limit or deny a defense or indemnity to them. (**Ex. 3**) Western World is presently defending New Hope and Griffith in the Underlying Action, subject to the reservation.

3

**The Insurance Policy**

15.     The Policy, No. NPP1261651, was issued by Western World Insurance Company

to the named insured, New Hope Foster Homes, Inc.

16.     The Policy was effective from March 29, 2010, through March 29, 2011, and

provides general and professional liability coverage on an occurrence basis.

17.     The Declarations Page for the Policy shows a limit of liability of $1,000,000.00

for each occurrence, subject to a $1,500.00 deductible.

18.     The named insured under the Policy is New Hope Foster Homes, Inc. Under

Section II of the Commercial General Liability Coverage Part, "[e]ach of the following is also an

insured:"

> **a.**     Your "employees" … but only for acts within the scope of their
> employment by you or while performing duties related to the conduct of
> your business.

19.     The Policy contained two separate Insuring Agreements, which provided as

follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**SECTION I – COVERAGES**

**1.     Insuring Agreement**

> **a.**     We will pay those sums that the insured becomes legally obligated
> to pay as damages because of "bodily injury" or "property
> damage" to which this insurance applies. We will have the right
> and duty to defend the insured against any "suit" seeking those
> damages. However, we will have no duty to defend the insured
> against any "suit" seeking damages for "bodily injury" or
> "property damage" to which this insurance does not apply. We
> may, at our discretion, investigate any "occurrence" and settle any
> claim or "suit" that may result.

**PROFESSIONAL LIABILITY INSURANCE**

A.   The following **COVERAGE D – PROFESSIONAL LIABILITY,** is added to **SECTION I – COVERAGES.**

      1.   **Insuring Agreement**

            a.   We will pay those sums the insured becomes legally obligated to pay as damages because of any "bodily injury," "property damage" or "personal injury" to which this coverage part applies caused by a "professional incident." We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may at our discretion investigate and settle any claim or "suit" that may result.

20.   The Policy contained a number of exclusions to coverage and endorsements that affected coverage, including an "Assault and Battery Exclusion," "Sexual Action Exclusion," and "Punitive or Exemplary Damages Exclusion."

21.   The Assault and Battery Exclusion, endorsement WW3 (08/09), provided as follows:

**Assault and Battery Exclusion**

This endorsement modifies such insurance as is afforded by the provisions of the policy related to the following:

Commercial General Liability Insurance – Coverage A & B
Professional Liability Insurance – Coverage D
…

This insurance does not apply to any claim arising out of an assault and/or battery or out of any act or failure to act to prevent or suppress an assault and/or battery whether caused by the insured, an employee, a patron or any other person.

This exclusion applies to all causes of action arising out of an assault and/or battery including, but not limited to, allegations of negligent hiring, placement, training, or supervision, or to any act, error, or omission relating to an assault and/or battery.

22.    The Sexual Action Exclusion, endorsement WW171A (01/97), provided as follows:

**Sexual Action Exclusion**

This endorsement modifies such insurance as is afforded by the provisions of the policy related to the following:

Commercial General Liability Insurance – Coverage A & B
Professional Liability Insurance – Coverage D
…

It is agreed that no coverage exists for claims or suits brought against any insured for damages arising from sexual action.

Sexual action includes, but is not limited to, any behavior with sexual connotation or purpose – whether performed for sexual gratification, discrimination, intimidation, coercion or other reason.

It is further agreed that this exclusion applies even if an alleged cause of the damages was the insured's negligent hiring, placement, training, supervision, act, error or omission.

23.    The Punitive or Exemplary Damages Exclusion, endorsement WW88 (01/97) that is part of endorsement WW204A (11/07), provided that "[t]his insurance does not apply to any claim for punitive or exemplary damages."

24.    Based upon the facts set forth in the Underlying Action, the facts known to Western World at this time, and the clear and unambiguous terms of the Policy, New Hope is not entitled to a defense or indemnity under the Policy.

25.    Based upon the facts set forth in the Underlying Action and the clear and unambiguous terms of the Policy, Griffith may qualify as an insured under the Policy.

26.    Based upon the facts set forth in the Underling Action, the facts known to Western World at this time, and the clear and unambiguous terms of the Policy, Griffith is not entitled to a defense or indemnity under the Policy.

27.     A justifiable issue exists between the parties to the Underlying Action as to the existence of coverage under the Policy.

### Count I:
### Declaratory Judgment as to Defendant New Hope Foster Homes, Inc.

28.     Western World reasserts and incorporates by reference each and every allegation contained in Paragraphs 1-27 above as if fully set forth herein.

29.     Based upon the facts set forth in the Underlying Action, the facts known to Western World at this time, and the clear and unambiguous terms of the Policy, including but not limited to the Assault and Battery Exclusion, Sexual Action Exclusion, and Punitive Damages Exclusion, Western World has no duty to defend or indemnify New Hope for any claims asserted in or arising from the incidents at issue in the Underlying Action.

### Count II:
### Declaratory Judgment as to Defendant Rasheeno Griffith

30.     Western World reasserts and incorporates by reference each and every allegation contained in Paragraphs 1-29 above as if fully set forth herein.

31.     Based upon the facts set forth in the Underlying Action, the facts known to Western World at this time, and the clear and unambiguous terms of the Policy, including but not limited to the Assault and Battery Exclusion, Sexual Action Exclusion, and Punitive Damages Exclusion, Western World has no duty to defend or indemnify Griffith for any claims asserted in or arising from the incidents at issue in the Underlying Action.

**Wherefore,** Plaintiff Western World Insurance Company respectfully requests that the Court issue the following declarations and requests other relief as follows:

A.      that Western World has no defense or indemnity obligation under the Policy for any of the claims which have been asserted against New Hope in the Underlying Action;

B.      that Western World has no defense or indemnity obligation under the Policy for

any of the claims which have been asserted against Griffith in the Underlying Action;

C.      for all costs and expenses incurred by Western World in this litigation; and

D.      for any and all other relief to which Western World may appear to be entitled.


Respectfully submitted,

**/s/ Matthew T. Lockaby**
Matthew T. Lockaby
Reminger Co., LPA
333 West Vine Street | Suite 1670
Lexington, Kentucky 40507
Tele:   859.233.1311
Fax:    859.233.1312
Email: mlockaby@reminger.com

*Counsel for Plaintiff, Western World*
*Insurance Company*