CASE NO. **14 CI 005574**

JEFFERSON CIRCUIT COURT
DIVISION

KRYSTAL HESS

JEFFERSON CIRCUIT COURT
DIVISION PLAINTIFF

VS.                         VERIFIED COMPLAINT

JIMMIE STURGILL,                                    DEFENDANTS
a Kentucky Resident

Serve: Jimmie Sturgill, PID #342243
       Luther Luckett Correctional Complex
       Dawkins Road, Box 6
       LaGrange, KY 40031
       *by Certified Mail*

AND

NEW HOPE FOSTER CARE, INC.
a Kentucky Corporation, and their agents and employees

Serve: W.T&C Corporate Services, Inc,
       500 West Jefferson Street, Ste. 2800
       Louisville, KY 40202-2898
       *by Certified Mail*

AND

RASHEENO GRIFFITH,
individually and in his capacity as a counselor for New Hope Foster Care, Inc.

Serve: Rasheeno Griffith
       5209 Oldshire Road
       Louisville, KY 40229
       *by Certified Mail*

AND

1

EXHIBIT

2

CABINET FOR HEALTH AND FAMILY SERVICES,
a Commonwealth of Kentucky State Agency

Serve: Theresa Harvey, Regional Program Manager
L&N Building, 100W
908 West Broadway
Louisville, KY 40203
*by Certified Mail*

\*       \*       \*       \*       \*

Comes the Plaintiff, by counsel, and for her Verified Complaint states as follows:

1.      At all times relevant to the action herein, Plaintiff Krystal Hess was a resident of the Commonwealth of Kentucky. Plaintiff Hess currently resides at 7409 Vaughn Mill Road, Louisville, KY 40228.

2.      At all times relevant to the action herein, Defendant Jimmie Sturgill was a resident of the Commonwealth of Kentucky. Defendant Sturgill currently resides at the Luther Luckett Correctional Complex in LaGrange, KY.

3.      At all times relevant hereto, Defendant Rasheeno Griffith, was a resident of the Commonwealth of Kentucky and was employed as a youth counselor with New Hope Foster Care, Inc.

4.      At all times relevant to the action herein, Defendant New Hope Foster Care, Inc. (or hereinafter "New Hope") was a duly incorporated entity authorized to conduct business in the Commonwealth of Kentucky.

5.      At all times relevant to the action herein, the Cabinet for Health and Family Services (or hereinafter "Cabinet") was a Commonwealth of Kentucky state agency duly

2

authorized to grant New Hope Foster Care, Inc. a license to provide foster care within the
Commonwealth.

## FACTUAL BASIS FOR VERIFIED COMPLAINT

1.      At all times relevant hereto, Plaintiff was a minor child. Plaintiff had been placed
in the custody of the Cabinet for Health and Family Services ("the Cabinet") due to neglect and
abuse perpetrated by her parents.

2.      The Cabinet elected to place Plaintiff in foster care through New Hope Foster
Care, Inc.

3.      New Hope Foster Care, Inc. approved Defendant Jimmie Sturgill as a foster
parent and placed over 25 minor children in his care, including the Plaintiff, during the course of
his participation as a New Hope Poster Parent.

4.      New Hope Foster Care, Inc. employed Rasheeno Griffith as a counselor to
provide therapeutic services for the children placed in foster care through New Hope.

4.      At the direction of the Cabinet, New Hope Foster Care, Inc. placed Plaintiff and
her sibling in the home of Jimmie Sturgill.

5.      Defendant Jimmie Sturgill committed acts of assault, battery and sexual abuse
against Plaintiff while she was a foster child in his care.

6.      Plaintiff reported the allegations of sexual abuse to Rasheeno Griffith on several
occasions during counseling sessions. Defendant Griffith failed to take appropriate action to
prevent further abuse to Plaintiff.

3

7.    On or about June 28, 2012, Defendant Sturgill was Indicted in Hardin Circuit
Court on the following charges related to the abuse he perpetrated against Plaintiff and others:
(1) Sexual Abuse, Victim Under 12 Years of Age (2 counts), a felony offense; and (2) Prohibited
Use of Electronic Communication Systems to Procure a Minor in a Sexual Performance (16
counts), a felony offense.

8.    Following a jury trial June 3, 2013, at which Plaintiff was required to testify as a
minor child, Defendant Sturgill was convicted of 11 counts of Prohibited Use of Electronic
Communication Systems to Procure a Minor in a Sexual Performance and was sentenced to serve
five (5) years in prison.

7.    As a direct and proximate cause of the actions taken and actions omitted by
Defendants Jimmie Sturgill, the Cabinet for Health and Family Services, New Hope Foster Care,
Inc., and Rasheeno Griffith, Plaintiff has suffered injury to her person; Plaintiff has sustained
medical expenses, and will in the future be required to incur additional medical expenses;
Plaintiff has experienced emotional pain and suffering; Plaintiff has suffered mental anguish,
humiliation and mental injury; all to her damage in an amount in excess of the jurisdictional
limits of the Jefferson Circuit Court.

8.    Plaintiff reached the age of emancipation on October 28, 2013.

## COUNT ONE: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1.    Between the dates of July 29, 2010 and July 11, 2011 and while Plaintiff was a
foster child in Defendant Sturgill's home, Defendant Sturgill inflicted extreme emotional distress
when he did intentionally, or with the knowledge that his actions would likely cause such harm,

4

solicit Plaintiff, then a minor foster child, for sexual favors and sexual gratification through electronic means and in person.

2.    The intentional and tortious actions of Defendant Sturgill have caused the Plaintiff to suffer extreme mental pain and anguish, both in the past and in the future, and a loss of enjoyment of life.

3.    All compensatory damages incurred and suffered by the Plaintiff, caused by Defendant Sturgill exceed the minimum dollar amount necessary to establish the jurisdiction of this Court.

### COUNT TWO: ASSAULT

4.    The Plaintiff hereby adopts and reiterates the above paragraphs herein as if set out in full.

5.    Between the dates of July 29, 2010 and July 11, 2011 and while Plaintiff was a foster child in Defendant Sturgill's home, Defendant Sturgill made threatening gestures and comments to Plaintiff of imminent bodily harm, and the Plaintiff reasonably feared for her life and safety.

6.    Defendant Sturgill presented himself to the Plaintiff with the apparent ability to cause the Plaintiff great bodily harm or death and did in fact cause such harm.

7.    The intentional and tortious actions of the Defendant Sturgill have caused the Plaintiff to suffer extreme mental pain and anguish, both in the past and in the future, and a loss of enjoyment of life.

8.    All compensatory damages incurred and suffered by the Plaintiff, caused by Defendant Sturgill exceed the minimum dollar amount necessary to establish the jurisdiction of this Court.

9.  The assault upon the Plaintiff by the Defendant Sturgill was unprovoked by the Plaintiff and was done with malice and with the intent on the part of Defendant Sturgill to severely threaten and injure the Plaintiff, thereby entitling the Plaintiff to punitive damages.

### COUNT THREE: BATTERY

10.  Plaintiff hereby adopts and reiterates the above paragraphs herein as if set out in full.

11.  At the time and place mentioned above, Defendant Sturgill willfully, maliciously and without cause or provocation made contact of a sexual nature with Plaintiff, then a minor child, so as to intentionally cause bodily harm.

12.  Because of the intentional and tortious actions of Defendant Sturgill, Plaintiff sustained injuries and damages to her body.

13.  The intentional and tortious actions of Defendant Sturgill have caused the Plaintiff to suffer mental pain and anguish; medical expenses; a loss of enjoyment of life; future medical expenses; future pain and suffering; mental anguish, humiliation and injury; lost wages and benefits; and a loss of her power to earn income and wages in the future.

14.  All compensatory damages incurred and suffered by the Plaintiff, caused by the Defendant Sturgill exceed the minimum dollar amount necessary to establish the jurisdiction of this Court.

15.  The attack and battery upon the Plaintiff by the Defendant Sturgill was unprovoked by the Plaintiff and was done with malice and with the intent on the part of the Defendant Sturgill to severely injure and maim the Plaintiff entitling the Plaintiff to punitive damages.

### COUNT FOUR: NEGLIGENCE

6

16.     Plaintiff adopts and reiterates the above paragraphs herein as if set out in full.

17.     Between the dates of July 29, 2010 and July 11, 2011, Defendant New Hope Foster Care, Inc. was negligent when Defendant New Hope qualified and approved Defendant Sturgill to be a foster parent and/or when allowing Defendant Sturgill to remain in a caretaking role for minor children, including the Plaintiff.

18.     At the time and place set out above, Defendant New Hope Foster Care, Inc. had a duty to exercise reasonable care to abstain from inflicting injury upon the Plaintiff.

19.     Defendant's negligent actions were the proximate cause of the Plaintiff's injuries and have caused her to suffer extreme mental pain and suffering; medical expenses; a loss of enjoyment of life; future medical expenses; future pain and suffering; mental anguish, humiliation and injury; lost wages and benefits; and a loss of his power to earn income and wages in the future.

20.     All compensatory damages incurred and suffered by the Plaintiff, caused by the Defendant Sturgill exceed the minimum dollar amount necessary to establish the jurisdiction of this Court.

## COUNT FIVE: GROSS NEGLIGENCE

21.     Plaintiff adopts and reiterates the above paragraphs herein as if set out in full.

22.     At all times relevant herein, Defendant New Hope Foster Care, Inc. acted with wanton and reckless disregard for the Plaintiff's life and safety, amounting to gross negligence and entitling the Plaintiff to punitive damages.

## COUNT SIX: NEGLIGENT HIRING AND RETENTION

23.     Plaintiff adopts and reiterates the above paragraphs herein as if set out in full.

7

24.     At the time and place set out above, Defendant New Hope Foster Care, Inc. had a duty to exercise reasonable care to abstain from inflicting injury upon the Plaintiff.

25.     Defendants New Hope Foster Care, Inc. breached their duty to the Plaintiff by negligently placing Rasheeno Griffith, a person with known propensities, or propensities which should have been discovered by reasonable investigation, in an employment position in which it should have been foreseeable that Defendant Rasheeno Griffith posed a threat of injury to others, and specifically to Plaintiff.

26.     Defendants New Hope Foster Care, Inc. also breached their duty to the Plaintiff by retaining Rasheeno Griffith, an employee that they knew or should have known posed a threat to Plaintiff and failed to take remedial measures to ensure the safety of Plaintiff.

27.     Defendants' negligent actions were the proximate cause of the Plaintiff's injuries and have caused her to suffer extreme mental pain and suffering; medical expenses; a loss of enjoyment of life; future medical expenses; future pain and suffering; mental anguish, humiliation and injury; lost wages and benefits; and a loss of her power to earn income and wages in the future.

28.     All compensatory damages incurred and suffered by the Plaintiff, caused by Defendant New Hope Foster Care, Inc. exceed the minimum dollar amount necessary to establish the jurisdiction of this Court.

## COUNT SEVEN: NEGLIGENT SUPERVISION

29.     Plaintiff adopts and reiterates the above paragraphs herein as if set out in full.

30.     At the time and place set out above, Defendant New Hope Foster Care, Inc. had a duty to exercise reasonable care to abstain from inflicting injury upon the Plaintiff.

31.     Defendants New Hope Foster Care, Inc. breached their duty to the Plaintiff by negligently placing Defendant Rasheeno Griffith in the employment position of a youth counselor. Defendant Griffith was a person they knew or should have known was unfit for the job of counselor. Defendants further failed to properly supervise Rasheeno Griffith, thereby creating an unreasonable risk of harm to the Plaintiff.

32.     Defendants' negligent actions were the proximate cause of the Plaintiff's injuries and have caused her to suffer extreme mental pain and suffering; medical expenses; a loss of enjoyment of life; future medical expenses; future pain and suffering; mental anguish, humiliation and injury; lost wages and benefits; and a loss of her power to earn income and wages in the future.

33.     All compensatory damages incurred and suffered by the Plaintiff, caused by Defendant New Hope Foster Care, Inc. exceed the minimum dollar amount necessary to establish the jurisdiction of this Court.

### COUNT EIGHT: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

34.     Plaintiff adopts and reiterates the above paragraphs herein as if set out in full.

35.     At all times relevant herein, Defendant New Hope Foster Care, Inc. inflicted extreme emotional distress by intentionally, or with knowledge that their actions would likely cause such harm, when New Hope allowed Plaintiff to remain placed in Defendant Sturgill's home.

36.     The intentional and tortious actions of the Defendant New Hope have caused the Plaintiff to suffer extreme mental pain and anguish, both in the past and in the future, and a loss of enjoyment of life.

37.     All compensatory damages incurred and suffered by the Plaintiff, caused by Defendant New Hope exceed the minimum dollar amount necessary to establish the jurisdiction of this Court.

## COUNT NINE: NEGLIGENCE

38.     Plaintiff adopts and reiterates the above paragraphs herein as if set out in full.

39.     Between the dates of July 29, 2010 and July 11, 2011, Defendant Cabinet for Health and Family Services ("CHFS") was negligent when they qualified and approved New Hope Foster Care, Inc. and/or Defendant Sturgill to provide foster parent services for minor children, including the Plaintiff and/or when allowing New Hope Foster Care, Inc. and/or Defendant Sturgill to remain in a caretaking role for minor children, including the Plaintiff.

40.     At the time and place set out above, Defendant CHFS had a duty to exercise reasonable care to abstain from inflicting injury upon the Plaintiff.

41.     Defendant CHFS breached their duty to the Plaintiff by negligently qualifying and approving New Hope Foster Care, Inc. and/or Jimmie Sturgill to be Plaintiff's foster parent and/or by permitting Defendant Sturgill to remain in a caretaking role for minor children, and specifically for Plaintiff.

42.     Defendant's negligent actions were the proximate cause of the Plaintiff's injuries and have caused her to suffer extreme mental pain and suffering; medical expenses; a loss of enjoyment of life; future medical expenses; future pain and suffering; mental anguish, humiliation and injury; lost wages and benefits; and a loss of his power to earn income and wages in the future.

10

43.    All compensatory damages incurred and suffered by the Plaintiff, caused by the Defendant CHFS exceed the minimum dollar amount necessary to establish the jurisdiction of this Court.

### COUNT TEN: GROSS NEGLIGENCE

44.    Plaintiff adopts and reiterates the above paragraphs herein as if set out in full.

45.    At all times relevant herein, Defendant CHFS acted with wanton and reckless disregard for the Plaintiff's life and safety, amounting to gross negligence and entitling the Plaintiff to punitive damages.

### COUNT ELEVEN: NEGLIGENT HIRING AND RETENTION

46.    Plaintiff adopts and reiterates the above paragraphs herein as if set out in full.

47.    At the time and place set out above, Defendant CHFS had a duty to exercise reasonable care to abstain from inflicting injury upon the Plaintiff.

48.    Defendants CHFS breached their duty to the Plaintiff by negligently placing New Hope Foster Care, Inc., an agency with known propensities, or propensities which should have been discovered by reasonable investigation, in an employment position in which it should have been foreseeable that Defendant New Hope Foster Care, Inc. posed a threat of injury to others, and specifically to Plaintiff.

49.    Defendants CHFS also breached their duty to the Plaintiff by retaining New Hope Foster Care, Inc., an agency that they knew or should have known posed a threat to Plaintiff and failed to take remedies measures to ensure the safety of Plaintiff.

50.    Defendants' negligent actions were the proximate cause of the Plaintiff's injuries and have caused her to suffer extreme mental pain and suffering; medical expenses; a loss of

11

enjoyment of life; future medical expenses; future pain and suffering; mental anguish, humiliation and injury; lost wages and benefits; and a loss of her power to earn income and wages in the future.

51.    All compensatory damages incurred and suffered by the Plaintiff, caused by the Defendant CHFS exceed the minimum dollar amount necessary to establish the jurisdiction of this Court.

## COUNT TWELVE: NEGLIGENT SUPERVISION

52.    Plaintiff adopts and reiterates the above paragraphs herein as if set out in full.

53.    At the time and place set out above, Defendant CHFS had a duty to exercise reasonable care to abstain from inflicting injury upon the Plaintiff.

54.    Defendants CHFS breached their duty to the Plaintiff by negligently placing Defendant New Hope Foster Care, Inc. in an employment position responsible for placing minor foster children in the custody of CHFS into approved homes. Defendant New Hope Foster Care, Inc. was an agency CHFS knew or should have known was unfit for the job providing foster care. Defendant CHFS further failed to properly supervise New Hope Foster Care, Inc., thereby creating an unreasonable risk of harm to the Plaintiff.

55.    Defendants' negligent actions were the proximate cause of the Plaintiff's injuries and have caused her to suffer extreme physical and mental pain and suffering; medical expenses; a loss of enjoyment of life; future medical expenses; future pain and suffering; mental anguish, humiliation and injury; lost wages and benefits; and a loss of her power to earn income and wages in the future.

12

56.     All compensatory damages incurred and suffered by the Plaintiff, caused by Defendant Cabinet for Health and Family Services exceed the minimum dollar amount necessary to establish the jurisdiction of this Court.

## COUNT THIRTEEN: INTENTIONAL INFLICTION OF EMOTIONAL
## DISTRESS

57.     Plaintiff adopts and reiterates the above paragraphs herein as if set out in full.

58.     At all times relevant herein, Defendant CHFS inflicted extreme emotional distress by intentionally, or with knowledge that their actions would likely cause such harm, when CHFS allowed Plaintiff to remain placed in Defendant Sturgill's home.

59.     The intentional and tortious actions of the Defendant CHFS have caused the Plaintiff to suffer extreme mental pain and anguish, both in the past and in the future, and a loss of enjoyment of life.

60.     All compensatory damages incurred and suffered by the Plaintiff, caused by Defendant New Hope exceed the minimum dollar amount necessary to establish the jurisdiction of this Court.

## COUNT FOURTEEN: NEGLIGENCE

61.     Plaintiff adopts and reiterates the above paragraphs herein as if set out in full.

62.     At the time and place set out above, Defendant Griffith was Plaintiff's youth counselor, duly employed by Defendant New Hope Foster Care, Inc.

63.     Defendant Griffith had a duty to exercise reasonable care to abstain from inflicting injury upon the Plaintiff.

13

64. Defendant Griffith breached his duty to the Plaintiff by negligently failing to report Defendant Sturgill's sexual abuse of Plaintiff.

65. Defendant Griffith further breached his duty to Plaintiff by permitting Defendant Sturgill to remain in a caretaking role for minor children, including the Plaintiff.

66. Defendant Griffith was acting in his individual capacity and during the course and scope of his employment during the periods in question.

67. Defendant's negligent actions were the proximate cause of the Plaintiff's injuries and have caused her to suffer extreme physical and mental pain and suffering; medical expenses; a loss of enjoyment of life; future medical expenses; future pain and suffering; mental anguish, humiliation and injury; lost wages and benefits; and a loss of her power to earn income and wages in the future.

68. All compensatory damages incurred and suffered by the Plaintiff, caused by Defendant Griffith exceed the minimum dollar amount necessary to establish the jurisdiction of this Court.

## COUNT FIFTEEN: GROSS NEGLIGENCE

69. Plaintiff adopts and reiterates the above paragraphs herein as if set out in full.

70. At all times relevant herein, Defendant Griffith acted with wanton and reckless disregard for the Plaintiff's life and safety, amounting to gross negligence and entitling the Plaintiff to punitive damages.

## COUNT SIXTEEN: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

71. Plaintiff adopts and reiterates the above paragraphs herein as if set out in full.

14

72.    At all times relevant herein, Defendant Griffith inflicted extreme emotional distress by intentionally, or with knowledge that their actions would likely cause such harm, allowing Plaintiff to remain placed in Defendant Sturgill's home with knowledge that Plaintiff was being sexually abused.

73.    The intentional and tortious actions of the Defendant Griffith have caused the Plaintiff to suffer extreme mental pain and anguish, both in the past and in the future, and a loss of enjoyment of life.

74.    All compensatory damages incurred and suffered by the Plaintiff, caused by Defendant Griffith exceed the minimum dollar amount necessary to establish the jurisdiction of this Court.

WHEREFORE, Plaintiff requests as follows:

1. JUDGMENT AGAINST DEFENDANTS, in an amount sufficient to fairly and fully compensate Plaintiff for her injuries;

2. Trial by jury on all issues so triable;

3. Costs herein expended, including all reasonable attorney's fees;

4. Any and all other relief to which Plaintiff may appear entitled.

Respectfully submitted,

Hon. Mary K. Rives
Hon. Jason D. Fowler
COUNSEL FOR DEFENDANTS
239 South 5th Street, Suite 700
Kentucky Home Life Building
Louisville, KY 40202
(502) 384-5656

15

## VERIFICATION

I hereby certify that the foregoing document, and the factual statements concerning myself contained therein, are true and accurate to the best of knowledge.

*Krystal Hess*

KRYSTAL HESS

COMMONWEALTH OF KENTUCKY

COUNTY OF JEFFERSON

SUBSCRIBED AND SWORN to before me by *Krystal Hess* this 27th day of *October*, 2014.

NOTARY PUBLIC
My Commission expires: 10/1/18