UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:15-CV-73-DJH


WESTERN WORLD INSURANCE COMPANY                                          PLAINTIFF

v.

NEW HOPE FOSTER HOMES, INC., AND
RASHEENO GRIFFITH                                                        DEFENDANTS

and

NEW HOPE FOSTER HOMES, INC. and
RASHEENO GRIFFITH                                              THIRD PARTY PLAINTIFFS

v.

INTERSTATE FIRE & CASUALTY COMPANY                      THIRD PARTY DEFENDANT


**THIRD PARTY COMPLAINT OF NEW HOPE FOSTER HOMES, INC.
AND RASHEENO GRIFFITH**

For their Third Party Complaint against Interstate Fire & Casualty Company, the

Defendants/Third Party Plaintiffs, New Hope Foster Homes, Inc., and Rasheeno Griffith, by

and through their counsel, state as follows:

**The Parties**

1.      Third Party Plaintiff New Hope Foster Homes, Inc. ("New Hope") is a

Kentucky corporation that maintains its principal place of business in the Commonwealth

of Kentucky.

2.      Third Party Plaintiff Rasheeno Griffith is a citizen and resident of the

Commonwealth of Kentucky.

3.	Third Party Defendant Interstate Fire & Casualty Company ("IFCC") maintains its principal place of business in Chicago, Illinois.  IFCC is registered with the Kentucky Department of Insurance as a foreign insurance company and it issues liability insurance policies to insurance customers residing in, and operating in the Commonwealth of Kentucky.  Service of process may be obtained on IFCC through its registered agent, CT Corporation System, 306 West Main Street, Suite 512, Frankfort, Kentucky  40601.

## Jurisdiction and Venue

4.	This action was brought in this Court by Plaintiff Western World Insurance Company ("Western World") on the basis of diversity jurisdiction because there is complete diversity between Western World and Defendants New Hope and Griffith, and because the dispute between those parties involved an amount in controversy in excess of $75,000.

5.	This Court has subject matter jurisdiction over the dispute presented in this Third Party Complaint pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the the Third Party Plaintiffs and the Third Party Defendant, and the amount in controversy exceeds $75,000 exclusive of costs and interest [*See* Exhibit 1, Declaration of David A. Calhoun].

6.	New Hope has standing to bring this action as an insured of IFCC.

7.	Griffith has standing to bring this action as an insured of IFCC.

8.	This Court has jurisdiction over Defendant IFCC because this lawsuit involves questions concerning an obligation of IFCC, under the terms of an insurance policy, to defend New Hope and Griffith in a lawsuit brought by Krystal Hess, which was filed in the

Commonwealth of Kentucky Jefferson Circuit Court on October 28, 2014, and assigned case number 14-CI-005574 (the "Underlying Action").

9. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391 because the events giving rise to the claims that are the subject matter of this Third Party Complaint occurred in this judicial district and because the insurance policy at issue was issued by IFCC to New Hope in this judicial district.

## Factual Background of the Underlying Action

10. New Hope provides foster care placement services. At the relevant times, Griffith was employed by New Hope as a youth counselor to provide services for children placed in foster care through New Hope.

11. At some point in or before July 2010, the plaintiff in the Underlying Action, Krystal Hess, was placed in the custody of the Commonwealth of Kentucky Cabinet for Health and Family Services ("the Cabinet").

12. In July 2010, the Cabinet placed Hess in foster care through New Hope, which in turn, placed Hess with a foster care provider named Jimmie Sturgill.

13. In the Underlying Action, Hess alleges that while she was in Sturgill's foster care between July 29, 2010 and July 11, 2011, Sturgill committed one or more acts of assault, battery, and sexual abuse. Hess also alleges that, during this time, she informed Griffith of the alleged assault, battery, and sexual abuse. New Hope and Griffith have filed an answer denying the allegation that Hess informed Griffith of any alleged assault, battery, or sexual abuse.

14. In June 2013, Sturgill was convicted on 13 counts of prohibited use of electronic communication systems to procure a minor [Hess] in sexual performance. On

3

February 27, 2014, Sturgill pleaded guilty to 2 counts of sexual abuse of Hess. Sturgill was sentenced to five years in prison.

15.    On October 28, 2014, Hess filed the Underlying Action in the Commonwealth of Kentucky, Jefferson Circuit Court against Sturgill, the Cabinet, New Hope, and Griffith. Hess seeks compensatory damages and punitive damages for assault (against Sturgill), battery (against Sturgill), negligence (against New Hope, Griffith, and the Cabinet), intentional infliction of emotional distress (against Sturgill, New Hope, Griffith, and the Cabinet) and negligent hiring, retention, and supervision (against New Hope and the Cabinet).

16.    After being served with the Summons and Complaint in the Underlying Action, New Hope gave timely notice of the suit to the two liability insurers whose policies provided liability insurance coverage to New Hope during the time period during which Hess alleges she was injured. New Hope requested that those insurers provide a defense to the Underlying Action if their policies provide coverage for the claims asserted in the Underlying Action.

17.    On December 11, 2014 one of New Hope's insurers, Western World Insurance Company, issued to New Hope and Griffith a reservation of rights letter reserving its rights under the Policy to limit or deny a defense or indemnity to them. On January 20, 2015 Western World instituted this action by filing a complaint seeking a judgment declaring that under the terms of its policy it owned no duty to defend or indemnify New Hope or Griffith with respect to the Underlying Action [Doc. 1].

18.    On February 12, 2015, New Hope's other insurer, IFCC, issued to New Hope and Griffith a reservation of rights letter denying any obligation to indemnify New Hope

and Griffith, but agreeing to defend New Hope and Griffith subject to a reservation of a right to limit or terminate the provision of the defense. IFCC further advised New Hope and Griffith of its intention to seek to negotiate a defense cost sharing agreement with Western World.

19.    On information and belief, IFCC and Western World agreed that IFCC would pay forty percent (40%) of the costs of defending New Hope and Griffith in the Underlying Action and that Western World would pay sixty percent (60%).

20.    On February 25, 2015, New Hope and Griffith informed IFCC that they did not intend to contest Western World's claims seeking a judgment declaring that it is not obligated to defend or indemnify them with respect to the Underlying Action, and they requested that IFCC assume the full cost of the defense [*See* Exhibit 2].

21.    On February 26, 2015, IFCC sent New Hope and Griffith a letter informing them that if Western World obtained a release or judgment declaring that it had no duty to defend New Hope and Griffith, then it would be IFCC's position that it is only responsible for up to a 1/3 share of the defense costs incurred by New Hope and Griffith as a result of the Underlying Action [*See* Exhibit 3].

22.     On March 16, New Hope and Griffith sent IFCC a letter requesting that IFCC reconsider and agree to pay 100% of the cost of defending them in the Underlying Action [*See* Exhibit 4].

23.    On March 26, IFCC responded to New Hope and Griffith's request in a letter declining to pay more than 1/3 of the cost of defending them in the Underlying Action [*See* Exhibit 5].

**The IFCC Insurance Policy**

24.     Policy number ASO 1001621 03 was issued by IFCC to New Hope, the named insured ("the Policy" or the "IFCC Policy").  A copy of the Policy is attached as Exhibit 6.

25.     The Policy was effective from March 29, 2011 to March 29, 2012, and provides general and professional liability insurance coverage on an occurrence basis.

26.     As Griffith was an employee of New Hope at the relevant times, and as the allegations in the Underlying Action concern his acts or omissions while acting on behalf of New Hope within the course of his employee duties, Griffith is an "Insured" under the terms of the Policy.

27.     The Policy contains a Sexual Misconduct/Physical Abuse Exclusion Amendment that relieves IFCC of any duty to indemnify New Hope or Griffith in the event that they are adjudged liable on the claims alleged by plaintiff Hess in the Underlying Action.

28.     The Policy's Sexual Misconduct/Physical Abuse Exclusion Amendment contains an exception which obligates IFCC to "defend any Suit" against New Hope and Griffith which includes allegations that they are liable for damages due to  bodily injury arising out of sexual and/or physical abuse.

29.     The relevant provisions of the Policy are as follows:

**DECLARATIONS**

3.     Policy Period:  ... From: 3/29/2011  To:  3/29/2012

I.     **COVERAGES**

    A.     **COVERAGE A, PROFESSIONAL LIABILITY COVERAGE**

[T]he Company will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as Damages because of Bodily Injury ... caused by an Incident which occurs during the Policy Period.

...

As respects coverage(s) indicated on the Declarations Page, the Company shall have the right and duty to defend any Suit against the Insured seeking Damages on account of such Bodily Injury ... even if any of the allegations of the Suit are groundless, false or fraudulent, but the Company shall not be obligated to pay any claim or judgment or continue to defend any Suit after the applicable limit of liability has been exhausted by payments of judgments or settlements.

The Company, at its option, shall select and assign defense counsel; however, the Named Insured may engage additional counsel, solely at their own expense, to associate in their defense of any claim covered hereunder. Claims Expenses incurred by the Company shall be paid in addition to the applicable limits of liability.  The Company shall also have the right to investigate any claim or Suit and/or negotiate the settlement thereof, as it deems expedient and does not need the consent or approval of the Insured to settle.  The Insured shall not assume any obligations, incur any costs, charges, or expenses or enter into any settlement without the Company's written consent.

...

VIII.  **DEFINITIONS:**  When used in this policy (including endorsements forming a part hereof): ...

"Bodily Injury" means bodily injury ... mental anguish, psychological injury or emotional distress sustained by any person which occurs during the Policy Period ... ; ...

"Claims Expense" means:

A.      fees charged by an attorney(s) ... designated by the Company and all other fees costs and expenses resulting from the investigation, adjustment, defense and appeal of a claim, Suit or other proceedings, arising in connection therewith, if incurred by the Company, or by the Insured with written consent of the Company, ...

B.      all costs taxed against the Insured in such Suits; . . .

"Damages" means compensatory judgments, settlements, or awards. ... [I]f a Suit is brought against the Insured with respect to a claim for alleged acts or omissions falling within the scope of coverage afforded by this insurance seeking both compensatory and punitive or exemplary Damages, then the Company will afford a

defense to such action, without liability however, for payment of such punitive or exemplary Damages; ...

"Incident" means any act or omission in the rendering of or failure to render services by the Insured, or by any person for whom the Insured is legally responsible, in the conduct of the business or professional occupation shown in the Declarations. ...

"Suit" means a civil proceeding in which Damages because of Bodily Injury ... to which this insurance applies are alleged. ...

**SEXUAL MISCONDUCT/PHYSICAL ABUSE EXCLUSION AMENDMENT**

Paragraph 26 of Section VII, EXCLUSIONS, is deleted in its entirety and replaced by the following:

26.     to any claims made or Suits brought against any Insured alleging in whole or in part,

a.     physical assault, abuse or molestation, or intentional neglect, amoral or other behavior that was committed or alleged to have been committed, by the Insured or by any person for whom the Insured is legally responsible, and/or

b.     sexual assault, abuse, or molestation, or licentious, immoral, amoral or other behavior which was threatened, intended to, lead to or culminated in any sexual act whether committed intentionally, inadvertently or with the belief, erroneous or otherwise, that the other party is consenting and has the legal and mental capacity to consent thereto, that was committed, or alleged to have been committed by the Insured or any person for whom the Insured is legally responsible.

This exclusion applies regardless of the legal theory or basis upon which the Insured is alleged to be legally liable or responsible in whole or in part, for any Damages arising out of sexual and/or physical abuse, including but not limited to assertions of improper or negligent hiring, employment or supervision, failure to protect or warn the other party, failure to prevent the sexual abuse and/or physical abuse, failure to prevent assault and battery, failure to discharge the employee.

However, notwithstanding the foregoing exclusion, the Insured shall be entitled to a defense as provided under the terms of the policy as to any claim upon which Suit is brought for any such alleged behavior, unless a judgment or final adjudication adverse to any Insured, or an admission by any Insured, shall establish that such behavior caused, in whole or in part, the injury claimed in such claim or Suit. The Company shall not be required to appeal a judgment or final adjudication adverse to the Insured.

[Exhibit 6].

8

30.     IFCC's Policy does not contain any provision that allows IFCC to provide its insureds less than a complete defense once its duty to defend a "Suit" is triggered.

31.     Based on the facts alleged in the plaintiff's complaint in the Underlying Action and the Policy's terms, including, but not limited to, the defense exception within the terms of the Policy's Sexual Misconduct/Physical Abuse Exclusion Amendment, IFCC is contractually obligated to provide New Hope and Griffith with a complete defense in the Underlying Action without exception or limitation, up until such time as they are adjudged liable on the claims alleged in the action.  IFCC thus must pay 100% of New Hope and Griffith's defense costs at least until a judgment is entered against them unless it has a right of equitable contribution from another insurer because that other insurer also has a duty to provide a complete defense.

32.     IFCC has refused to provide New Hope and Griffith with a complete defense in the Underlying Action, having refused to pay more than 1/3 of the defense costs that New Hope and Griffith incur in that action.

33.     If Western World is adjudged in this action to have no duty to defend New Hope and Griffith in the Underlying Action, then IFCC's refusal to pay the complete cost of New Hope and Griffith's defense will cause severe financial hardship and injury to New Hope and Griffith, and their ability to defend the Underlying Action may be severely compromised.

34.     A justiciable controversy exists between the Third Party Plaintiffs and IFCC as to whether IFCC is obligated to provide a complete defense to New Hope and Griffith in the Underlying Action, and whether IFCC's refusal constitutes a breach of the material terms of the Policy.

## Count I – Declaratory Judgment

35.     New Hope and Griffith reassert and incorporate by reference all of the allegations contained in Paragraphs 1-34 above as if fully set forth and repeated herein.

36.     An actual controversy exists between the Third Party Plaintiffs and IFCC that requires the Court to render a judgment declaring whether IFCC is obligated to pay all of the legal fees and costs that the Third Party Plaintiffs have and will incur in connection with the Underlying Action.

37.     Based upon the facts alleged in the complaint in the Underlying Action, the facts provided to IFCC in response to its inquiries, and the clear and unambiguous terms of the IFCC Policy, IFCC is contractually obligated to provide New Hope and Griffith with a complete defense of the Underlying Action, and, therefore, to pay 100% of their defense costs at least until judgment is entered in that case, unless IFCC is entitled to equitable contribution from another insurer which is also contractually obliged to provide a complete defense of the Underlying Action.

38.     If Western World pays any of New Hope and Griffith's defense costs associated with the Underlying Action, and if Western World subsequently seeks to recoup those defense costs from either New Hope or Griffith because of a determination that it is not obligated to defend New Hope and Griffith in the Underlying Action, then New Hope and Griffith are entitled to be indemnified by IFCC for the amounts that Western World seeks to recoup.

## Count II – Breach of Contract

39.     New Hope and Griffith reassert and incorporate by reference all of the allegations contained in Paragraphs 1-36 above as if fully set forth and repeated herein.

40.    Based upon the facts alleged in the complaint in the Underlying Action, the facts provided to IFCC in response to its inquiries, and the clear and unambiguous terms of the IFCC Policy, IFCC is contractually obligated to provide New Hope and Griffith with a complete defense of the Underlying Action, and, therefore, to pay 100% of their defense costs at least until judgment is entered in that action, unless IFCC is entitled to equitable contribution from another insurer which is also contractually obliged to provide a complete defense of the Underlying Action.

41.    IFCC has refused to pay more than 1/3 of New Hope and Griffith's legal fees and defense costs with respect to the Underlying Action.

42.    IFCC's refusal to pay more than 1/3 of New Hope and Griffith's legal fees and defense costs with respect to the Underlying Action constitutes a breach of the terms of the Policy, thereby entitling New Hope and Griffith to all of the remedies for a breach of contract.

**WHEREFORE**, Third Party Plaintiffs New Hope and Griffith respectfully request the following:

A.    A trial by jury on all issues;

B.    Entry of a judgment declaring that IFCC is obligated to pay all of the legal fees and defense costs that New Hope incurs in connection with the Underlying Action unless and until such time as a judgment is entered holding New Hope liable for damages to the plaintiff in the Underlying Action;

C.    Entry of a judgment declaring that IFCC is obligated to pay all of the legal fees and defense costs that Griffith incurs in connection with the Underlying Action unless and

11

until such time as a judgment is entered holding Griffith liable for damages to the plaintiff in the Underlying Action;

D.      Entry of a judgment declaring that IFCC must indemnify New Hope and Griffith for any defense costs associated with the Underlying Action that Western World Insurance Company seeks to recoup from New Hope or Griffith;

E.      Entry of a judgment holding IFCC to be in breach of the terms of the IFCC Policy;

F.      Entry of a judgment awarding damages to New Hope and Griffith in an amount sufficient to compensate them for any injury that results from IFCC's breach of contract;

G.      Entry of a judgment awarding damages to New Hope and Griffith in an amount equal to any foreseeable losses they incur as a consequence of IFCC's breach of contract;

H.      Entry of a judgment awarding New Hope and Griffith the taxable costs and expenses they incur in prosecuting their claims against IFCC; and

I.      Any and all other relief to which New Hope and Griffith may appear to be entitled.

Respectfully submitted,


   /s/ David A. Calhoun              
Donald J, Kelly
dkelly@wyattfirm.com
David A. Calhoun
dcalhoun@wyattfirm.com
Joseph R. Stennis
jstennis@wyattfirm.com
WYATT, TARRANT & COMBS, LLP
500 West Jefferson Street
Suite 2800
Louisville, KY  40202-2898
502.589.5235
Counsel for New Hope Foster Homes, Inc.
and Rasheeno Griffith


## CERTIFICATE OF SERVICE

On April 1, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF notification system which will send a notice of electronic filing to all counsel of record at the e-mail addresses indicated:

Matthew T. Lockaby
mlockaby@reminger.com
333 W. Vine St.
Suite 1670
Lexington, KY  40507
859.233.1311


   /s/ David A. Calhoun              
David A. Calhoun

61323168.1